## NOBLE v. ONE SIXTY COMMONWEALTH AVENUE, Inc.
### No. 4418.

District Court, D. Massachusetts.
June 4, 1937.

Nutter, McClennen & Fish, of Boston, Mass., for plaintiff.

Richard Wait, of Boston, Mass. (Choate, Hall & Stewart, of Boston, Mass.), for defendant.

SWEENEY, District Judge.

This suit in equity is before me on the defendant's motion to dismiss. Among the grounds assigned by the defendant for its motion is the allegation that the plaintiff has no cause of action against this respondent.

Statements of fact herein are intended as findings of fact, and statements of legal conclusions, as rulings of law, under the Equity Rules (28 U.S.C.A. following section 723).

The plaintiff is an orchestra leader of substantial reputation, and under a contract with RCA Manufacturing Company, Inc., dated January 14, 1935, made twenty-four phonograph recordings which consisted of the plaintiff's interpretations of musical compositions written by others. Under his agreement the plaintiff surrendered to the RCA Manufacturing Company "the right to sell, lease or otherwise dispose of, or to refrain therefrom, throughout the world, records embodying the performances to be recorded hereunder upon such terms as the Company may approve," and " * * * all rights in and to the matrices and records upon which are reproduced the performances to be made hereunder."

Compensation was provided for the plaintiff and his orchestra for the making of the records, and a royalty of 5 per cent. of the sale price of all records was reserved to the plaintiff.

The defendant is a corporation engaged in running the Hotel Vendome in this city, and in connection therewith is the owner and operator of the Nippon Room, which is described in the plaintiff's bill as a restaurant and beverage room. At each table in the Nippon Room the defendant provides a telephone by which patrons may make known their desire to have certain phonograph records played. In its Wine and Music List the defendant lists records containing the plaintiff's renditions or recordings. In practice, when a patron of the Nippon Room desires to have one of the plaintiff's pieces played on a phonograph, he indicates his selection through the telephone on his table, and in due course of time the piece requested is played. The phonograph is not located in the Nippon Room, and the sounds are transmitted through loudspeakers.

The plaintiff seeks to enjoin further use by the defendant of his records under the theory that he has a property right in the

rendition and interpretation of the compositions that he recorded, and that the defendant violates this right. In paragraph 15 of his bill, he says: "That all of the rights and property in and to said performances, recordings and interpretations, including the common law right of property therein are the property of, and belong to, the plaintiff herein, with the exception of the right to sell and the right to perform said records on home phonographs for private purposes only."

Looking to the contract between the plaintiff and the RCA Manufacturing Company, it is clear that there is no reservation contained in that contract of any rights by the plaintiff. He gave to the RCA Manufacturing Company "the right to sell, lease or otherwise dispose of" his recordings.

This case on the pleadings differs greatly from Waring v. WDAS Broadcasting Station, Inc. (No. 9053, Court of Common Pleas No. 1, County of Philadelphia). RCA-Victor Company had stipulated with Waring that the records which he made would not be sold for broadcasting purposes. The records as made by the RCA-Victor Company contained a stamped restriction against such use on each record. When Waring sought to enjoin the broadcasting company from the use of his records, the court held that he was entitled to injunctive relief on the theory that Waring had not parted with his right to the control of the records for radio broadcasting, and that the defendant broadcasting company violated the express restriction stamped upon the record and reserved by Waring.

Considering the contract between Noble and RCA Manufacturing Company, it is apparent that Noble for a consideration granted to the company the absolute right to "sell, lease or otherwise dispose of" his records throughout the world. This is a broad and all-inclusive grant. Had the recording company seen fit to limit the use of its records to home use, it might have acquired rights which it could protect as against this defendant. No such limitations having been made by RCA, to whom Noble had granted all rights, this plaintiff has no standing to question the use by this defendant of the records in the manner indicated in the bill.

The defendant's motion to dismiss is therefore allowed.